UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUNCOAST PROJECTS, LLC<br>d/b/a HUB STEEL | CIVIL ACTION |
| VERSUS | 20-2791 |
| 1031 CANAL DEVELOPMENT,<br>LLC, ET AL. | SECTION: "J" (1) |

## ORDER & REASONS

Before the Court is a *Motion to Stay* **(Rec. Doc. 40)** filed by Defendants Citadel Builders, LLC and Travelers Casualty & Surety Company of America. The motion is opposed by Plaintiff Suncoast Projects, LLC d/b/a/ Hub Steel (Rec. Docs. 43, 47) and supported by Defendants 1031 Canal Development, LLC and 1031 Canal Owner, LLC (Rec. Doc. 44). Citadel and Travelers also filed a reply (Rec. Doc. 50). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from the October 2019 collapse of the Hard Rock Hotel construction project at 1031 Canal Street, New Orleans, Louisiana. Plaintiff Hub Steel was a subcontractor on that project and filed this action seeking payment for labor, materials, and equipment it allegedly furnished to the project. Defendants seek a stay of these proceedings in light of the 100 lawsuits filed in state court arising out of the collapse, 62 of which allege that Plaintiff shares responsibility for the collapse. Defendants contend that resolving Plaintiff's claims in this action requires first

determining liability for the collapse and therefore request that the Court stay these proceedings until liability is determined in the state court litigation. Plaintiff contends that a stay is improper under the *Colorado River* doctrine.

## **DISCUSSION**

Defendants first contend that the requirements of the *Colorado River* doctrine need not be met because the Court can stay these proceedings under its general discretionary power to control proceedings as set forth in *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Supreme Court specifically distinguished *Landis* in *Colorado River*:

> Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation. This difference in general approach between state-federal concurrent jurisdiction and wholly federal concurrent jurisdiction stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.

*Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (cleaned up) (citing *Landis* after second sentence; other citations omitted).

A district court's discretion to stay an action for monetary relief pending the outcome of state proceedings "is 'narrowly circumscribed' by its obligation to hear cases within its jurisdiction, . . . and the propriety of a stay is governed by the 'exceptional circumstances' standard of *Colorado River*." *Am. Guarantee & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir. 2005) (citation omitted). "*Colorado River* discretion to stay is available only where the state and federal

proceedings are parallel—i.e., where the two suits involve the same parties and the same issues." *Id.* "If the suits are not parallel, the federal court must exercise jurisdiction." *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 n.3 (5th Cir. 2006).

Here, there are parallel proceedings because, as Plaintiff admits, it filed an identical suit in state court. (Rec. Doc. 43, at 3 n.7; *see* Petition, *Suncoast Projects LLC v. 1031 Canal Development, LLC*, No. 2020-08683 (Orleans Par. Civ. Dist. Ct. Oct. 12, 2020), Rec. Doc. 44-2).

Where parallel proceedings exist, courts consider six factors to determine whether abstention is appropriate: "1) assumption by either court of jurisdiction over a res, 2) relative inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the order in which jurisdiction was obtained by the concurrent forums, 5) to what extent federal law provides the rules of decision on the merits, and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction." *Stewart*, 438 F.3d at 492.

The first two factors are absent here and therefore weigh in favor of exercising jurisdiction. *See id.* The third factor seeks to prevent "piecemeal," not duplicative, litigation "and the concomitant danger of inconsistent rulings with respect to a piece of property." *Id.* (quoting *Black Sea Invs. v. United Heritage Corp.*, 204 F.3d 647, 650-51 (5th Cir. 2000)). While there is not a traditional res at issue here, there is the danger of inconsistent rulings with respect to certain property: the insurance funds available for the collapse. Due to the danger of depleting the available insurance funds, the state court stayed discovery for approximately one year until a case

3

management order was entered that provided for coordinated and efficient discovery. (*See* Rec. Doc. 40-6, at 14). Thus, there is the possibility that the judgment in this case makes satisfaction of a judgment in the state court litigation impossible due to depletion of the funds. Additionally, given the constraints on discovery in the state court litigation, there is the danger of conflicting discovery rulings. While Plaintiff asserts that "there is no reason why the parties to this matter cannot agree on a reasonable discovery plan to avoid duplication of costs," it is not hard for the Court to imagine any of the parties coming to this Court for relief should they receive an unfavorable discovery ruling in the state court litigation. Finally, considering the numerous additional parties in the state court litigation, it is not clear that a judgment in this action would have preclusive effect there. *See, e.g.*, *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) (res judicata requires that "the parties are identical or in privity"). The Court finds that the third factor weighs in favor of abstention.

The fourth factor, the order in which jurisdiction was obtained, actually concerns "how much progress has been made in the two actions." *Black Sea*, 204 F.3d at 651 (citation omitted). Thus, even though aspects of the state court litigation were filed nearly a year before the instant action, essentially immediately after the collapse, the Court must consider the progress made in each forum. While no progress has been made in the identical state suit, that is because Plaintiff has voluntarily withheld service. When considering the state litigation as a whole, considerable more progress has been made there, as the state court has developed a comprehensive

4

discovery plan and resolved matters related to preservation of evidence while allowing the remains of the structure to be demolished, whereas here, only a standard scheduling order has been entered and no dispositive motions have been filed. The progress in the case before the Court is comparable to the progress that had been made before the district court in *Colorado River*. *See* 424 U.S. at 820 (noting "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss"). The Court finds that the fourth factor weighs in favor of abstention.

The fifth factor, whether federal law provides the rule of decision on the merits, is absent here, as only state law claims are asserted. However, the Fifth Circuit has held that this factor is "at most neutral" unless there are "rare circumstances." *Black Sea*, 204 F.3d at 651. Regarding the applicability of this factor in *Colorado River*, the Supreme Court has explained that "although the water rights of the United States and the Indian tribes were governed in part by federal law, the bulk of the litigation would necessarily revolve around the state-law water rights of the thousand nonfederal parties in the case—a factor on which we expressly relied in approving the District Court's stay." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 23 n.29 (1983); *see Colo. River*, 424 U.S. at 820 ("[W]e also find significant . . . the extensive involvement of state water rights occasioned by this suit naming 1,000 defendants."). Here, there are no federal law issues involved, and the litigation involves the state law rights of the 100-plus plaintiffs (including Plaintiff) claiming damages from the Hard Rock collapse. The Court finds that the facts of this case

presents rare circumstances and, therefore, that this factor weighs in favor of abstention.

The sixth factor, whether Plaintiff's rights would be adequately protected in state court, "can only be a neutral factor or one that weighs against, not for, abstention." *Black Sea*, 204 F.3d at 651. The Court finds that Plaintiff's interests would be adequately protected in state court given that Plaintiff has already filed an identical suit there. This factor is neutral.

With two factors favoring jurisdiction, three factors favoring abstention, and one neutral, the Court finds that abstention is appropriate here.[1]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion to Stay* **(Rec. Doc. 40)** is **GRANTED**, and this matter is **STAYED** and **ADMINISTRATIVELY CLOSED**.

New Orleans, Louisiana, this 15th day of July, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] The Court is also mindful of the fact that, if this case is not stayed, it may need to be dismissed under Rule 19 for the inability to join necessary parties, as Defendants contend that many of the non-diverse state parties, including the project's engineer and architect, would be needed to be joined to resolve Plaintiff's claims.